## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEROME SEALS ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1687** |
| **SUPERIOR OPTIONS OF LA, INC. ET AL.** | **SECTION "H"(4)** |

### ORDER AND REASONS

Before the Court is Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (R. Doc. 16) and Plaintiffs' Motion for Summary Judgment (R. Doc. 22). For the following reasons, Defendants' Motion to Dismiss is GRANTED, and Plaintiffs' Motion for Summary Judgment is DENIED AS MOOT. Plaintiffs' case is DISMISSED.

### BACKGROUND

Plaintiffs DeRome Seals and Jessie Wright, appearing *pro se*, make the following allegations in their Complaint against Defendants Superior Options of LA, Inc. ("Superior") and Anastasia Young. Plaintiffs allege that Superior, a

1

privately owned corporation that provides home healthcare and social services to clients with special needs, was hired to assist Wright, who suffers from various mental illnesses and handicaps.

On April 5, 2014, Defendant Young, an employee of Superior, retrieved Wright from his home and brought him to a doctor's appointment.  On the way home, an argument ensued between Young and Wright.  Plaintiffs allege that Young shouted obscenities at Wright and then ejected him from her car on the Westbank Expressway.  Young then called Seals, Wright's legal guardian, to inform him that Wright had jumped out of her car and that she did not know where he went.

Young informed Seals that Superior's protocol is to alert law enforcement when a client is missing for a period of time.  Seals agreed that Young should follow the protocol.  Accordingly, Young alerted police that Wright had jumped out of her car and ran away and that she was concerned for his safety.  A police officer was able to locate Wright.  The police report indicates that Wright shoved the officer and fled.  Wright was detained and arrested for resisting arrest, battery on a police officer, and flight from an officer.

Plaintiffs bring this suit against Young and Superior under various theories including failure to exercise due process, cruel and unusual punishment, and false arrest pursuant to 42 U.S.C. § 1983, as well as various state law claims including negligence, misrepresentation, and intentional infliction of emotional distress.

Defendants have moved to dismiss Plaintiffs' claims for failure to state a

claim under Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The Court need not, however, accept as true legal conclusions couched as factual allegations.[4]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[6] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[7] The Court's review "is limited to the complaint, any documents attached to the complaint, and any documents attached to the

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[2] *Id.*

[3] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

[4] *Iqbal*, 556 U.S. at 667.

[5] *Id.*

[6] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

[7] *Lormand*, 565 F.3d at 255–57.

3

motion to dismiss that are central to the claim and referenced by the complaint."[8]

## LAW AND ANALYSIS

### I. Section 1983 Claims

Although Plaintiffs' *pro se* Complaint does not expressly refer to 42 U.S.C. § 1983, their allegations of deprivation of due process, cruel and unusual punishment, and false arrest necessarily come under this statute. Defendants allege that Plaintiffs cannot succeed in their section 1983 actions because none of the Defendants is a state actor. In order to state a claim under section 1983, Plaintiffs must allege that (1) they were deprived of a right secured by the Constitution and laws of the United States and (2) Defendants deprived them of that right acting under color of state law.[9] In order for a defendant to act "under color of state law" for the purposes of section 1983, his conduct must be fairly attributable to the state.[10] Defendants argue that their conduct is not fairly attributable to the state because Young is a private citizen and Superior is a private corporation.

Private individuals are generally not state actors, and Plaintiffs' sole argument that Defendants should be treated as such is that Superior "receives reimbursement from the State Medicaid program." The Fifth Circuit has held that a hospital "is not a state actor, and cannot be considered as such solely

---

[8] *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

[9] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

[10] *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982).

because it receives medicare and medicaid funds and is subject to state regulation."[11]  Rather, the "inquiry must be whether there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself."[12] The Fifth Circuit has stated that:

> A state is not responsible for a private party's decisions unless it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State. The state's role must be active; approval or acquiescence in a private party's actions is not enough."[13]

In determining whether Plaintiffs state a claim upon which relief can be granted, the Court is mindful that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers."[14]  It is well established, however, that "[e]ven a liberally construed *pro se* civil rights complaint . . . must set forth facts giving rise to a claim on which relief may be granted."[15]  Plaintiffs' Complaint—even when construed liberally—fails to meet this minimal standard. Plaintiffs' Complaint makes no allegation of any nexus between state funding and the incident at issue in this case.  Indeed, it is unlikely that Plaintiffs can allege such given the nature of their complaints. The state presumably had no

---

[11] *Wheat v. Mass*, 994 F.2d 273, 275–76 (5th Cir. 1993).

[12] *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1348–49 (5th Cir. 1985) (internal quotation marks omitted).

[13] *Id.* (internal quotation marks omitted).

[14] *Taylor v. Books a Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (internal quotation marks omitted).

[15] *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).

involvement with Young's decisions to eject Wright from her car or to call the police, and this Court doubts Plaintiffs' ability to allege such.  Accordingly, Plaintiffs' Complaint fails to state a claim under section 1983, and this Court holds that Plaintiffs could not, under these facts, allege a section 1983 claim even if given leave to amend.[16]   Accordingly, Plaintiffs' section 1983 claims are dismissed with prejudice.

## II. State Law Claims

Because Plaintiffs' federal section 1983 claims have been dismissed, the Court will *sua sponte* examine whether it should exercise jurisdiction over Plaintiffs' remaining claims, which sound in state law.

When all federal claims are dismissed or otherwise eliminated before trial, the court should generally decline to exercise supplemental jurisdiction over any remaining state law claims.[17]   In deciding whether to continue exercising jurisdiction, courts should consider "both the statutory provisions of 28 U.S.C. § 1367(c) and the balance of the relevant factors of judicial economy, convenience, fairness, and comity."[18]

Having considered these factors, this Court declines to exercise subject matter jurisdiction.  Minimal discovery has taken place in this matter, and no pre-trial deadlines have been set.  In addition,  Plaintiffs' remaining claims

---

[16] *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 678 (5th Cir. 2013) (stating that amendment may be denied if it would be futile).

[17] *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 247 (5th Cir. 1999); *Petroleum v. Dresser Indus.*, 962 F.2d 580, 585 (5th Cir. 1992).

[18] *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999).

6

sound in state law and are best decided by a state court.  Thus, declining to exercise supplemental jurisdiction at this juncture is consistent with the principles of judicial economy, convenience, and fairness to the parties. Accordingly, Plaintiffs' remaining claims are dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED, and Plaintiffs' Motion for Summary Judgment is DENIED AS MOOT.  Plaintiffs' section 1983 claims are DISMISSED WITH PREJUDICE, and their state law claims are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 28th day of January, 2015.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**